FILED IN OPEN COURT
DATE: 5-27-25
TIME: 10:01 Am
INITIALS: mm

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cr. No. 2:25-cr-20027-SHL |
| v. | ) |
| | ) |
| STEVEN R. HALE, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The United States and defendant Steven R. Hale, represented by counsel, hereby enter into the following Plea Agreement:

1. The defendant agrees:

    (a) to waive his right to trial by jury and all rights attached thereto;

    (b) to plead guilty to Count Two of the Indictment, which charges the defendant with criminal copyright infringement in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(a) & (b)(1) and § 2;

    (c) to pay restitution in an amount to be determined by the Court to all identifiable victims who suffered losses as a result of the criminal conduct that is the subject of this plea agreement, including uncharged conduct and conduct that is the subject of dismissed counts with the understanding that any Court-ordered schedule for restitution payments is merely a minimum payment obligation and does not limit the methods by which the United States may immediately enforce the judgment in full;

    (d) to promptly execute and return, within 21 days of the entry of the plea a fully completed and executed Department of Justice Financial Disclosure statement under oath to the United States Attorney's Office ("USAO") and a release authorizing the USAO Financial Litigation Program to obtain credit reports;

    (e) that on or about March 14, 2022 law enforcement authorities seized approximately 1160 Blu-rays and DVDs stolen by the defendant from his employer (referred to as Victim-1 in the Indictment), and he knowingly and voluntarily agrees that he has no right, title, or interest in any of this property and agrees not to contest the return of this property to the victim company;

    (f) to waive any objections, based on Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure, to the use of any statements

made by him in the course of plea discussions or plea proceedings, including facts alleged in the Indictment, which he has stipulated, agreed, and admitted in this Plea Agreement are true and accurate, in the event that he withdraws his guilty plea or fails to enter his plea after signing this Plea Agreement;

(g) to waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his right to challenge the voluntariness of his guilty plea either on direct appeal or in any collateral attack including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

(h) to pay the $100 mandatory assessment to be imposed pursuant to 18 U.S.C. § 3013 to the United States District Court Clerk following entry of his guilty plea and to provide counsel for the United States with evidence of payment prior to sentencing;

(i) not to engage in any criminal conduct following entry of his guilty plea;

(j) that he is satisfied with his attorney's representation;

(k) that he is pleading guilty freely and voluntarily, after having consulted with counsel, because he is guilty;

(l) that had this case gone to trial, the government would have introduced evidence to establish the defendant's guilt as to Count Two beyond a reasonable doubt;

(m) that the facts set forth in the indictment, which he has reviewed with his attorney, are true and accurate; and

(n) to waive his right to appeal any aspect of his sentence if any term of imprisonment imposed is within or below the applicable United States Sentencing Guideline ("USSG") sentencing range as determined by the Court after resolution of any disputed sentencing factors.

2. The United States agrees:

(a) to dismiss Counts One and Three of the Indictment, once the defendant has been sentenced for Count Two of the Indictment, provided that the defendant pleads guilty to Count Two and completely fulfills all of his obligations under this Plea Agreement;

(b) to recommend that the defendant receive the maximum applicable reduction for acceptance of responsibility, provided that he complies with all of his obligations under the terms of this Plea Agreement and continues to fully accept responsibility up through the time of his sentencing;

(c) to recommend that the defendant be sentenced at the low-end of the advisory sentencing guideline range, as that range is determined by the Court;

(d) to recommend, if the defendant pleads guilty to any count in *United States v. Hale*, CR No. 2:25-cr-20042-SHL, that the sentence imposed in the instant case be concurrent to the sentence imposed in that case; and,

(e) not to pursue prosecution of any additional charges against the defendant arising from the underlying conduct described in the Indictment, provided that: (1) he pleads guilty and completely fulfills all of his obligations under this Plea Agreement and (2) nothing in this Plea Agreement precludes the United States from timely prosecuting any charges arising from any future conduct by the defendant or any conduct not already known or disclosed to the United States at the time of executing this Plea Agreement.

3. The parties agree:

(a) Section 2B5.3 of the USSG applies; the infringement amount is more than $15,000 and not more than $40,000, under § 2B5.3(b)(1); and the offenses involved the display, performance, publication, reproduction, or distribution of a work being prepared for commercial distribution, under § 2B5.3(b)(2).

4. The defendant further acknowledges and understands that:

(a) he has not been promised a specific sentence, and any estimate of the probable USSG sentencing range he may have received from counsel, the United States, or any other person(s) is a prediction, not a promise, and is not binding on the Court, and if the Court imposes a sentence greater than he expects, he will not be afforded an opportunity to withdraw his plea;

(b) the maximum possible penalty the Court may impose as to Count Two to which he is pleading guilty is a term of imprisonment of 5 years, a fine of $250,000 or twice the gross gain or loss (whichever is greater), 3 years of supervised release, and a mandatory assessment of $100;

(c) any recommendations made by the United States under this agreement are not binding on the Court, and that if the Court rejects any such recommendations, he will not be allowed to withdraw his plea; and

(d) the United States will be relieved of all obligations and restrictions imposed by the terms of this agreement, specifically, the United States will be free to use any statements made during the course of any proffer sessions against the defendant for any purpose, and will be free to seek the maximum sentence provided by law if: (1) his plea of guilty is accepted and he later attempts to withdraw his plea for any reason other than the Court's rejection of the Plea Agreement; or (2) he engages in any new criminal conduct following entry of his guilty plea.

5. This Plea Agreement constitutes the entire agreement between the parties and may not be modified after execution unless any modification is agreed to in writing and signed by the parties.

For the United States:

MATTHEW R. GALEOTTI
Supervisory Official for the Criminal Division
United States Department of Justice

S/ M. Lamberti
_____
Matthew A. Lamberti
Senior Counsel
Computer Crime and Intellectual Property Section

by Debra Ireland 27 May 25
_____
Date

_____
Debra Ireland
Trial Attorney
Computer Crime and Intellectual Property Section

27 May 25
_____
Date

JOSEPH C. MURPHY
Interim United States Attorney
Western District of Tennessee

_____
Raney Irwin
Assistant United States Attorney
Fraud and Economic Crimes Unit

5-27-25
_____
Date

For the Defendant:

_____
Steven R. Hale
Defendant

27 May 25
_____
Date

_____
Needum Louis Germany, III
Assistant Federal Public Defender
Attorney for Defendant

5-27-25
_____
Date

4